## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **THOMAS E. PEREZ, Secretary of Labor; and UNITED STATES DEPARTMENT OF LABOR,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MWE SERVICES, INC., JOHN ZAPATA, and KATIE CEDERBURG,**<br><br>Defendants. | CASE NO. 4:14CV3073<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on Defendant John Zapata's ("Zapata") Motion to Dismiss for Failure to State a Claim (Filing No. 13), and Zapata's Motion for Leave to Amend (Filing No. 21). For the reasons stated below, the Motion to Dismiss will be denied without prejudice, and the Motion for Leave to Amend will be granted.

### BACKGROUND

Zapata filed his Motion to Dismiss (Filing No. 13) on June 12, 2014. In his Motion, Zapata alleged that the Court should dismiss Plaintiffs' Complaint against him for the following reasons, (1) Plaintiffs' Complaint fails to state a claim upon which relief can be granted; and (2) Plaintiffs' Complaint is "outside of the Statute of Limitations pursuant to the 29 U.S. Code § 255 . . . ." (Filing No. 13.) Zapata did not plead affirmative defenses in his Answer (Filing No. 6) filed on May 14, 2014. On June 20, 2014, Zapata filed a Motion for Leave to File an Amended Answer (Filing No. 21). Zapata attached a proposed amended answer to his Motion. The proposed amended answer adds the following affirmative defenses, (1) the Complaint should be dismissed due to the statute of limitations; and (2) Zapata is not a proper party to the action.

(Filing No. 21-1.) Zapata did not file an accompanying brief with his motion to dismiss; however, after Plaintiffs filed their Brief in Opposition to the Motion to Dismiss (Filing No. 20), Zapata filed a Brief in Support of his Motion to Dismiss (Filing No. 22).[1]

## ANALYSIS

### Zapata's Motion for Leave to Amend

As a matter of course, a party may amend its pleading once within 21 days after serving it. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Zapata filed his Answer on May 14, 2014. On June 20, 2014, more than 21 days after he filed his Answer, Zapata moved for leave to amend. Zapata filed his Motion for Leave to Amend one day after Plaintiffs filed their Brief Opposing Defendant's Motion to Dismiss (Filing No. 20) wherein Plaintiffs directed the Court's attention to Zapata's failure to plead any affirmative defense in his Answer. Plaintiffs have not objected to Zapata's Motion for Leave to Amend. Plaintiffs also suggest that the Court construe Zapata's motion to dismiss as amending Zapata's Answer. (Filing No. 20 at 4.) Accordingly, Zapata's Motion to Amend will be granted. Zapata should re-file his Amended Answer on or before August 15, 2014.

### Zapata's Motion to Dismiss

Zapata's motion to dismiss is untimely. "Every defense to a claim for relief [including 12(b)(6) motions for failure to state a claim upon which relief can be granted]

---

[1] Although Zapata is now represented by counsel (See Filing No. 27), he was acting *pro se* at the time he filed his motions and his brief. (Filing Nos. 13, 21, and 22.)

2

must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Alternatively, a party may assert "failure to state a claim upon which relief can be granted" by motion; however, such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6), (7). Here, Zapata filed a responsive pleading, his Answer, prior to filing his Motion to Dismiss. Therefore, Zapata's motion is untimely under Fed. R. Civ. P. 12(b).

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Zapata filed his Motion to Dismiss before pleadings were closed; thus, even if the Court were to construe Zapata's motion as one for judgment on the pleadings, Zapata filed his motion prematurely. Therefore, Zapata's motion will be denied without prejudice to reassertion. Accordingly,

IT IS ORDERED:

1. Zapata's Motion for Leave to Amend his Answer (Filing No. 21) is granted;

2. Zapata should re-file his Amended Answer on or before August 15, 2014; and

3. Zapata's Motion to Dismiss (Filing No. 13) is denied without prejudice.

Dated this 11th day of August, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge