IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, and UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiffs, | ) ) | 4:14CV3073 |
| V. | ) ) | |
| MWE SERVICES, INC., JOHN ZAPATA, and KATIE CEDERBURG, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

    In this action, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay employees minimum wage and overtime, and by failing to keep required records. (Filing 1.) Plaintiff has moved for a protective order precluding Defendants from inquiring as to the immigration status of individuals involved in this case, including all current and former employees of Defendant Midwest Demolition. (Filing 40.) Plaintiff argues that this information is irrelevant, and, in any event, could have a chilling effect on the participation of witnesses.

    Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, a court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

    The Court has reviewed the matter and finds that a protective order is warranted. Discovery directly related to the immigration status of any potential deponent or witness is not relevant to any matter in this action. The Eighth Circuit Court of Appeals has recognized that the FLSA applies even if the subject employees are unauthorized aliens. See Lucas v.

*Jerusalem Café, LLC*, 721 F.3d 927, 934 (8th Cir. 2013) ("The FLSA's sweeping definitions of 'employer' and 'employee' unambiguously encompass unauthorized aliens."). In this case, Plaintiffs only seek to recover back wages owed for work already performed. Other courts have found, and this Court agrees, that discovery regarding employees' immigration status is not relevant in this context. See *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 214 (N.D. Ill. 2010) (finding immigration status was not relevant to the plaintiffs' claim under the FLSA for unpaid wages for work previously performed); *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp.2d 191, 192 (S.D.N.Y. 2002) ("[C]ourts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable.").

Moreover, even if this information were marginally relevant, questions regarding immigration status would be more prejudicial than probative. See *Lucas*, 721 F.3d at 939 ("Because the workers were seeking redress only for work actually performed, the district court reasonably concluded any reference to the workers' immigration status would be substantially more prejudicial than probative under Rule 403"); *Villareal*, 266 F.R.D. at 214 ("Furthermore, a number of courts have recognized that allowing discovery of a plaintiff's immigration status would have an *in terrorem* effect likely to deter FLSA claims."); *Flores v. Amigon*, 233 F. Supp.2d 462, 465 n.2 (E.D.N.Y. 2002) ("If forced to disclose their immigration status, most undocumented aliens would withdraw their claims . . . This would effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation.").

Defendants represent that they do not intend to ask current or former employees of Defendant Midwest Demolition whether they are authorized to live or work in the United States, but rather plan to obtain information regarding whether those employees provided false information or documents to Midwest Demolition in order to obtain employment. Defendants argue that such information is relevant to the issue of witness credibility. The Court agrees that witness credibility is relevant. However, Defendants have other, less-oppressive means to evaluate credibility, aside from questioning witnesses about their immigration status or legal citizenship.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Protective Order Regarding Immigration Status (filing 40) is granted. Defendants are barred from inquiring into immigration matters in this case, including questions regarding the immigration status of witnesses and deponents.

**DATED December 3, 2014.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**