IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, and UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiffs, | ) ) | 4:14CV3073 |
| V. | ) ) | |
| MWE SERVICES, INC., JOHN ZAPATA, and KATIE CEDERBURG, | ) ) ) ) | ORDER |
| Defendants. | ) | |

    This case is before the Court on (1) Plaintiffs' Motion for Leave to Amend Complaint (filing 49) and (2) Plaintiffs' Motion to Close the Deposition of Martin Garcia (filing 48). For the reasons set forth below, Plaintiffs' Motion for Leave to Amend will be granted, but the Motion to Close the Deposition will be denied.

## BACKGROUND

    Plaintiffs filed this suit on April 4, 2014, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay employees minimum wage and overtime, and by failing to keep required records. (Filing 1.)

    One of Defendants' former employees, Martin Garcia ("Garcia"), was deposed in connection with this case on October 28, 2014. The deposition was not closed at that time because of a dispute between the parties regarding the permissibility of questions posed to Garcia during the deposition. In particular, Plaintiffs objected to a question asking for Garcia's social security number, as well as a question asking Garcia whether he contacted the Department of Labor in 2011 to complain about his wages.

    Following the deposition, on December 3, 2014, the Court issued a protective order barring Defendants from inquiring as to immigration matters in this case. (Filing 47.) The

order encompassed Defendants' question regarding Garcia's social security number.

On January 9, 2015, Plaintiffs filed a motion to close Garcia's deposition. Plaintiffs claim that the informer's privilege precludes Defendants from questioning Garcia regarding complaints he may have made to the Department of Labor in 2011. Therefore, according to Plaintiffs, questions posed to Garcia regarding this topic provide no basis for keeping Garcia's deposition open.

Subsequently, on January 14, 2015, Plaintiffs filed a motion to amend their complaint. Plaintiffs request that they be given leave to assert a retaliation claim against Defendants John Zapata ("Zapata") and Midwest Demolition ("Midwest") under the FLSA. Seemingly, the basis for the motion to amend rests, in part, upon statements Garcia made during his deposition.

## DISCUSSION

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).

Having reviewed the matter, the Court will permit Plaintiffs to amend their complaint as requested. Although the deadline for amending pleadings has expired, Defendants have been aware of the possibility that Plaintiffs would seek leave to amend the complaint following the completion of some discovery. Also, Defendants will not be prejudiced by amendment at this relatively early stage in the litigation. This case is not yet a year old, a final progression order has not been entered, discovery has not been completed, and trial has not been scheduled. Therefore, in the interest of justice, leave to amend will be granted.

The Court will not, however, close Garcia's deposition at this time. As grounds for the motion to amend the complaint, Plaintiffs point to testimony given by Garcia about

alleged threats made by Zapata to employees. In light of Plaintiffs' soon-to-be added retaliation claim, it would be prejudicial to bar Defendants from further access to Garcia. Therefore, the motion to close Garcia's deposition will be denied. At this time, the Court will not rule upon particular questions which may or may not be posed to Garcia during the deposition.[1] If the parties cannot agree as to the permissibility of certain questions, they may consult the Court following the deposition.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion to Close the Deposition of Martin Garcia (filing 48) is denied and Plaintiffs' Motion for Leave to Amend Complaint (filing 49) is granted. Plaintiffs shall file their proposed amended complaint by or before March 13, 2015.

**DATED March 10, 2015.**

                                              **BY THE COURT:**

                                              **S/ F.A. Gossett**
                                              **United States Magistrate Judge**

---

[1] The Court recognizes that the previously-entered protective order, which precludes Defendants from questioning witnesses about immigration matters, may have to be slightly modified based on the possible relevance of specific questions asked during future depositions. However, the Court will not lift the protective order at this time.